**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ROCK HILL DIVISION**

| | | |
|---|---|---|
| Larry L. Berry, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 0:26-cv-00895-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Federal Bureau of Prisons, Alston Wilkes Society, Ms. Harris, Ms. McMullan, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Larry Berry, proceeding *pro se*, initiated this action against the above-captioned defendants by filing an emergency motion for a temporary restraining order. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for pretrial handling. The magistrate judge issued a proper form order, informing Plaintiff of the necessary steps to bring his case into proper form, including completing the civil rights complaint form that was enclosed with the order. (ECF No. 6). The magistrate judge gave Plaintiff twenty-one days to bring his case into proper form. *Id*. The Clerk of Court mailed the order to Plaintiff's last known address. (ECF No. 7). It was not returned to the court as undeliverable; therefore, Plaintiff is presumed to have received it. Nevertheless, Plaintiff has failed to respond or take any steps to bring his case into proper form and the deadline for doing so has passed. Accordingly, now before the court is the magistrate judge's Report and Recommendation, recommending this case be summarily dismissed for Plaintiff's failure to comply with a court order and failure to prosecute. (ECF No. 10). The magistrate judge informed Plaintiff of his right to file objections to the Report. *Id*. at 3. The Clerk of Court mailed the Report to Plaintiff's last known address, (ECF No. 11), and it too has not been returned to the court as

1

undeliverable. Still, Plaintiff has failed to file objections to the Report, and the deadline for doing so has passed.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015)

(citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).  Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation.  *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Therefore, having reviewed the Report and finding no clear error, the court agrees with, and wholly **ADOPTS** the magistrate judge's recommendation. (ECF No. 10). Accordingly, the court **DISMISSES** this action without prejudice.

  **IT IS SO ORDERED.**

s/Timothy M. Cain  
Chief United States District Judge

Anderson, South Carolina
May 8, 2026

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.